People v M.J. (2025 NY Slip Op 50051(U))

[*1]

People v M.J.

2025 NY Slip Op 50051(U)

Decided on January 17, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 17, 2025
Youth Part, Erie County

The People of the State of New York

against
M.J., AO.

Docket No. FYC-74216-24/001

James L. Harrington, Esq. (Assistant District Attorney)
Connor Dougherty, Esq. (for Principal M.J.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of JAMES L. HARRINGTON, ESQ. (Assistant District Attorney), dated January 2, 2025; responsive papers by CONNOR DOUGHERTY, ESQ., dated January 8, 2025, received on behalf of AO M.J.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO M.J. is charged under FYC-74216-24/001 by way of Felony and Misdemeanor Complaints with Criminal Possession of Stolen Property in the Third Degree (Penal Law § 165.50), a class D felony; False Personation (Penal Law § 190.23), a class B misdemeanor; and Unauthorized Use of a Vehicle in the Third Degree (Penal Law § 165.05), a class A misdemeanor.
On December 6, 2024, this Court arraigned AO M.J. and set nominal bail, as Family Court was already holding the youth. The People conceded the six-day reading, and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for January 17, 2025.
Findings of Fact
It is alleged that on October 31, 2024, AO M.J. and a juvenile co-defendant were found [*2]to be riding in and in possession of a vehicle that was stolen the same day. There is no evidence to prove that AO M.J. was driving the stolen vehicle. The total value of the vehicle exceeded $3,000. After being apprehended, AO M.J. provided police with a false name and date of birth.
Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
The People failed to establish the existence of an exceptional set of facts that exceed the usual, regular or customary incidents in Youth Part. This is a case about a youth who allegedly rode in a stolen vehicle and then provided Police with a false name and date of birth. The People have not alleged that AO M.J. led, threatened, or coerced his co-defendant into committing the crimes before the court. There were no weapons involved in this case. No one was injured, and no personal property was damaged. The People do not allege that AO M.J. has a criminal history or any prior cases initiated in Youth Part.
The People argue that AO M.J. would not be amenable to Family Court services due to his co-defendant's behavior. They allege that AO M.J.'s juvenile co-defendant participated in a subsequent incident involving a stolen car and an illegal firearm. The People conclude that AO M.J. would not be amenable to the heightened services of Family Court due to the company he keeps. The People have not proven that this young person is not amenable to or would not benefit in any way from the heightened services in Family Court. Further, AO M.J.'s counsel states that his client recently accepted placement with the Office of Children and Family Services on a Juvenile Delinquency matter. While in placement, he will receive intensive treatment and services. If he fails to comply with the rehabilitative efforts of OCFS, then his placement will be extended.
Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet its burden to prevent removal of this action to Family Court. This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN